**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                        )
**ANDRES RAMON MELO,**                )
                                                        )
        **Plaintiff,**                        )
                                                        )        **Civil Action No.**
        **v.**                                  )        **1:15-cv-13475-FDS**
                                                        )
**SOUTH BROADWAY LAW REALTY**  )
**TRUST and RMN GROUP, LLC,**       )
                                                        )
        **Defendants.**                    )
_____ )

**MEMORANDUM AND ORDER ON DEFENDANT'S**
**MOTION TO DISMISS AND PLAINTIFF'S MOTION TO STRIKE**

**SAYLOR, J.**

      Plaintiff Andreas Ramon Melo instituted this action against defendants South Broadway

Law Realty Trust and RMN Group, LLC to obtain injunctive relief pursuant to the Americans

with Disabilities Act, 42 U.S.C. §12181, _et seq_.  The complaint alleges that defendants own,

lease, or operate Carleen's Coffee Shoppe and Plaza at 209 South Broadway, Lawrence,

Massachusetts, and that certain conditions on that property violate the ADA.  Defendant South

Broadway has moved to dismiss the complaint, and plaintiff has moved to strike the answer filed

by defendant RMN Group, LLC.  For the reasons set forth below, defendant's motion to dismiss

will be denied, and plaintiff's motion to strike will be granted.

**I.**      **Background**

      **A.**      **Factual Background**

The facts are set forth as alleged in the complaint.

According to the complaint, Melo is disabled and uses a wheelchair for mobility

purposes.  He acts as a "tester" on behalf of other persons with disabilities to discover

discrimination against the disabled in public accommodations.  Melo tests reported barriers to

access and, in some instances, proceeds with legal action seeking to enjoin such barriers on the

ground that they constitute illegal discrimination against the disabled.

Melo alleges that he visited Carleen's Coffee Shoppe and Plaza both for personal reasons

and in his capacity as a tester.  There, he allegedly encountered multiple violations of the ADA

and the ADA's Accessibility Guidelines (the "ADAAG"), 28 C.F.R. Part 36.  The complaint sets

forth an itemized list of 23 alleged violations.  The allegations include insufficient and

noncompliant accessible parking; lack of access aisles and routes; improperly sloped ramps and

curbs; inaccessible doors, restrooms, and lavatories; noncompliant tables; a lack of hand rails and

signage; obstructions in the floor space; and exposed supply lines and drain pipes.  The

complaint alleges that these physical barriers, conditions, or violations violate the ADA and

ADAAG, and that a "remedy is readily achievable and can be accomplished and carried out

without much difficulty or expense."  (Compl. ¶ 20).

### B.    Procedural Background

Melo filed his complaint on September 30, 2015.  On October 27, 2015, defendant South

Broadway moved to dismiss the entire complaint under Fed R. Civ. P. 12(b)(6) for failure to

state a claim upon which relief can be granted.  On October 29, 2015, Ronald M. Noyes, the sole

member and manager of defendant RMN Group, LLC, filed an answer on its behalf.  Melo then

moved on October 30, 2015, to strike the answer filed by defendant RMN on the ground that

Noyes is not a lawyer and cannot represent RMN, which is a limited liability company.

## II.      Analysis

### A.      Defendant's Motion to Dismiss

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability . . . by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a). One form of discrimination prohibited by the ADA is

> a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, . . . where such removal is readily achievable.

42 U.S.C. §12182(b)(2)(A)(iv). Defendant's motion to dismiss alleges that the plaintiff has failed to set forth a *prima facie* case of this form of prohibited discrimination, because the complaint does not plausibly allege that the removal of the alleged barriers is "readily achievable." *See also* 42 U.S.C. §12181(9) (defining "readily achievable" as "easily accomplishable and able to be carried out without much difficulty or expense.")

The complaint, however, adequately pleads a claim upon which relief can be granted. It

is true that "under 42 U.S.C. §12182(b)(2)(A)(iv), a plaintiff bears the burden of introducing evidence to establish that a suggested method of barrier removal is readily achievable." *Massachusetts v. E\*Trade Access, Inc.*, 464 F. Supp. 2d 52, 61 (D. Mass. 2006).  But whether plaintiff can ultimately carry that burden is not material to the question whether the complaint has adequately alleges a *prima facie* claim under the statue.  *Compare Melo v. Kiu*, 2010 WL 2025098, at \*1-2 (D. Mass. Mar. 29, 2010) (allowing plaintiff an additional 10 days to amend his complaint under §12182(b)(2)(A)(iv) "to allege that removal of the barriers is 'readily achievable,'" rather than dismissing the case under Fed. R. Civ. P. 12(b) (6)) *with E\*Trade*, 464 F. Supp. 2d at 60-61 (granting plaintiff 90 days to specify how the barriers can removed consistently with the ADA and ADAAG before ruling on defendant's motion for summary judgment).

Here, the complaint alleges that as to each of the 23 alleged violations, removal of the barrier is "readily achievable and can be accomplished and carried out without much difficulty or expense."  (Compl. ¶ 20).  Given the nature of the violations alleged, that is at least plausible.[1]  The complaint therefore states sufficient facts to support a claim for discrimination under the ADA, and defendant's motion to dismiss will be denied.

**B.    Plaintiff's Motion to Strike**

Noyes has answered plaintiff's complaint on behalf of defendant RMN Group, LLC. RMN appears to be a limited liability company, of which Noyes is the sole member and manager.  On the record before the court, there is no indication that Noyes is an attorney.  It is well-established that "limited liability companies, like corporations, cannot litigate pro se."

---

[1] For example, the complaint alleges that "the designated accessible parking spaces do not have a sign identifying it as an accessible parking space as required," and that the "designated accessible parking space and access aisle have faded paint."  (Compl. ¶ 17(l-m)).

*Hooper-Haas v. Ziegler Holdings, LLC*, 690 F.3d 34, 36 n.2 (1st Cir. 2012) (listing authorities).

Pursuant to 28 U.S.C. § 1654, defendant RMN Group, LLC must therefore be represented by

counsel.  Plaintiff's motion to strike the answer filed by Noyes on behalf of RMN Group, LLC

will therefore be granted.

**III.**     **Conclusion**

For the foregoing reasons,

1.      Defendant South Broadway's motion to dismiss is DENIED; and

2.      Plaintiff's motion to strike is GRANTED.  Defendant RMN Group, LLC shall

have 21 days from the date of this Memorandum and Order in which to file an

answer or other responsive pleading, signed by an attorney in accordance with the

Federal Rules of Civil Procedure and the Local Rules of this Court.

**So Ordered.**


/s/  F. Dennis Saylor_____
F. Dennis Saylor IV
Dated: February 1, 2016                    United States District Judge